1

2

3

4

5

6

7

8                          UNITED STATES  DISTRICT COURT

9                          Northern District of California

10                              San Francisco Division

11   LARRY RICHARDS,                        No. C 14-03293 LB

12                 Plaintiff,               **ORDER DENYING PLAINTIFF'S**
         v.                                 **MOTION FOR LEAVE TO FILE A**
13                                          **MOTION FOR RECONSIDERATION**
     CAROLYN COLVIN, et al.,
14                                          [Re: ECF No. 11]
                 Defendants.
15   _____/

16      In this action, Larry Richards filed a petition asking the court to issue a writ of mandamus

17   directing the Social Security Administration ("SSA") to "properly process" his "January 4, 1987"

18   request for reconsideration of SSA's original December 21, 1986 decision denying his November

19   21, 1986 application for disability insurance benefits under Title II of the Social Security Act. *See*

20   *generally* Petition, ECF No. 1.[1]  He also filed an application to proceed *in forma pauperis*.  IFP

21   Application, ECF No. 3.  The court held a case management conference on July 31, 2014, during

22   which the court spoke to Mr. Richards at length about his action.  *See* 7/31/2014 Minute Order, ECF

23   No. 8.  Upon conducting its required review under 28 U.S.C. § 1915, the court found that Mr.

24   Richards's IFP application should be granted but that his action is barred by res judicata.  *See*

25   8/8/2014 Order, ECF No. 10.  Accordingly, the court granted Mr. Richards's IFP application and

26   dismissed the action.  *See id.*

27
     ─────────────────
28       [1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-
     generated page numbers at the top of the document.

     C 14-03293 LB
     ORDER

UNITED STATES DISTRICT COURT
For the Northern District of California

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1    On September 11, 2014, Mr. Richards filed a motion "for an enlargement of time to file a motion

2  for reconsideration" and asking the court to provide him with a "last date certain" for filing it.  *See*

3  Motion, ECF No. 11.  He also asks for copies of the entire case files for two of his previous actions:

4  *Richards v. Apfel*, No. C-98-4132-CAL (N.D. Cal.), and *Richards v. Astrue*, No. C-08-1532-PJH

5  (N.D. Cal.).

6    By asking the court to give him more time to file a motion for reconsideration, Mr. Richards

7  seems to assume that he already has permission to file one.  He does not.  For this reason, the court

8  construes his motion as one seeking such permission.  Under Civil Local Rule 7-9(a), a party must

9  seek permission from the court prior to filing a motion for reconsideration.  N.D. Cal. Civ. L.R. 7-

10  9(a).[2]  In seeking permission from the court, the moving party must specifically show:

11       (1)  That at the time of the motion for leave, a material difference in fact or law exists
         from that which was presented to the Court before entry of the interlocutory order for
12       which reconsideration is sought.  The party also must show that in the exercise of
         reasonable diligence the party applying for reconsideration did not know such fact or
13       law at the time of the interlocutory order; or

14       (2)  The emergence of new material facts or a change of law occurring after the time
         of such order; or
15
16       (3)  A manifest failure by the Court to consider material facts or dispositive legal
         arguments which were presented to the Court before such interlocutory order.

17  N.D. Cal. Civ. L.R. 7-9(b).

18    Even if the court grants a party leave to file a motion for reconsideration, reconsideration is only

19  appropriate in the "highly unusual circumstances" when (1) the court is presented with newly

20  discovered evidence, (2) the underlying decision was in clear error or manifestly unjust, or (3) there

21  is an intervening change in controlling law.  *See School Dis. No. 1J, Multnomah County, Or. v.*

22  *ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  "No motion for leave to file a motion for

23  reconsideration may repeat any oral or written argument made by the applying party in support of or

24  in opposition to the interlocutory order which the party now seeks to have reconsidered."  N.D. Cal.

25

26       [2]  Civil Local Rule 7-9(a) provides: "Before the entry of a judgment adjudicating all of the
     claims and the rights and liabilities of all the parties in a case, any party may make a motion before a
27   Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any
     interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9 (b).  No party may
28   notice a motion for reconsideration without first obtaining leave of Court to file the motion."

C 14-03293 LB
ORDER                                    2

UNITED STATES DISTRICT COURT
For the Northern District of California

1  Civ. L.R. 7-9(c).  "Unless otherwise ordered by the assigned Judge, no response need be filed and no

2  hearing will be held concerning a motion for leave to file a motion to reconsider."  N.D. Cal. Civ.

3  L.R. 7-9(d).

4      In his motion, Mr. Richards says without having copies of the entire case files for his previous

5  actions, it is "absolutely impossible" for him to "prove" the merits of his Petition.  *See* Motion, ECF

6  No. 11 at 3.  He says nothing about there being a material difference in fact or law from that which

7  was presented to the court before it issued its August 8, 2014 order, new material facts that emerged

8  or a change of law that occurred since the court's August 8, 2014 order, or a manifest failure by the

9  court to consider material facts or dispositive legal arguments which were presented to it.

10  Accordingly, the court denies Mr. Richards's motion for leave to file a motion for reconsideration.

11  The court also will issue a separate judgment in this action as a separate docket entry.

12      As for Mr. Richards's request for the entire case files of his two previous actions, the court does

13  as follows.  The case file for the 2008 action, *Richards v. Astrue*, No. C-08-1532-PJH (N.D. Cal.), is

14  relatively small and available electronically on the court's ECF system.  As a courtesy to Mr.

15  Richards, and upon consideration of his specific circumstances, the court has printed the entire case

16  file for that action.  Mr. Richards may pick it up at the Intake desk in the Clerk's Office.  When

17  doing so, Mr. Richards should bring a copy of this order.

18      The case file for the 1998 action, *Richards v. Apfel*, No. C-98-4132-CAL (N.D. Cal.), is less

19  accessible.  Due to its age, it is not available on the court's ECF system.  However, when

20  considering Mr. Richards's Petition, the court retrieved the original case file from off-site storage

21  and currently has it.  The court will instruct the Clerk's Office to keep the case file until December

22  19, 2014.  Mr. Richards may come to the Clerk's Office at any time before then to inspect and copy

23  (at his own cost) any of the documents that he wishes.  When doing so, Mr. Richards should bring

24  this order and tell Intake that the case file may be retrieved by the FRC clerk.

25  **IT IS SO ORDERED.**

26  Dated: September 18, 2014

27  _____
   LAUREL BEELER
   United States Magistrate Judge

28

C 14-03293 LB
ORDER                          3